# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GARY SILVA,<br><br>                    Petitioner,<br><br>         v.<br><br>RUSSELL, et al.,<br><br>                    Respondents. | Case No. 3:20-cv-00270-RCJ-WGC<br><br>**ORDER** |

**I.   Introduction**

This is a habeas corpus matter under 28 U.S.C. § 2254.  Petitioner, Gary Silva, has filed an application to proceed <u>in forma pauperis</u>.  ECF No. 1.  The application is moot because Silva has paid the filing fee.  ECF No. 3.

The court has reviewed the petition for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").  The court will dismiss one ground for relief because it lacks merit.  The court will serve the petition upon respondents for a response to the remaining grounds, with qualifications described below.

**II.   Procedural History**

Pursuant to a plea agreement, the Eighth Judicial District Court, Case No. C-13-289799-1, convicted Silva of aggravated stalking, a category B felony.  The state district court sentenced

1  Silva to prison a minimum term of 6 years and a maximum term of 15 years, suspended, with
2  Silva to be on probation for 5 years.
3      Silva violated the conditions of his probation a couple of times.  The violation relevant to
4  the current federal petition is a conviction for misdemeanor stalking in the Las Vegas Justice
5  Court, Case No. 17M08456X.  Because of that misdemeanor conviction, the state district court
6  revoked Silva's probation, imposed the original sentence, and entered an amended judgment of
7  conviction to that effect.  Retained counsel represented Silva in the revocation proceedings.  Silva
8  asked counsel to appeal the amended judgment.  Counsel did not appeal.
9      Silva then filed a state post-conviction habeas corpus petition.  The state district court
10 denied the petition.  Silva appealed, and the Nevada Court of Appeals affirmed.

11 **III.**     **Discussion**

12     **A.**     **Grounds 1 and 2 appear to challenge two judgments of conviction of two**
13 **different courts**

14     In grounds 1 and 2, Silva alleges that retained counsel did not appeal the state district
15 court's revocation of his probation and imposition of his sentence.  Silva also alleges that retained
16 counsel did not appeal the state justice court's conviction of misdemeanor stalking.  If Silva is
17 trying to challenge the validity of both judgments of conviction, then he cannot do that in one
18 federal habeas corpus petition.  "A petitioner who seeks relief from judgments of more than one
19 state court must file a separate petition covering the judgment or judgments of each court."
20 Habeas Rule 2(e).  Silva thus cannot challenge a judgment of conviction of the Eighth Judicial
21 District Court and a judgment of conviction of the Las Vegas Justice Court in the same federal
22 habeas corpus petition.
23     Based upon Silva's answers on page 2 of the petition form--state-court case number,
24 length of sentence, start date and projected release date, and offense--and based upon the state-
25 court documents that Silva has attached to the petition, the court concludes that Silva is
26 challenging only the state district court's amended judgment of conviction for felony aggravated
27 stalking.  Additionally, a challenge to the justice court's conviction for misdemeanor stalking
28 likely would be futile.  The justice court entered its judgment of conviction in 2017, and Silva

1 commenced this action in 2020.  A challenge to the misdemeanor stalking conviction thus would

2 be untimely under 28 U.S.C. § 2244(d)(1).

3 For these reasons, respondents will not need to respond to any perceived claim that Silva

4 was deprived of a direct appeal in his misdemeanor stalking case.

5 If Silva wishes to challenge the validity of his misdemeanor stalking conviction, then he

6 must commence another habeas corpus action under 28 U.S.C. § 2254.  However, as the court has

7 noted above, that petition likely would be untimely under 28 U.S.C. § 2244(d)(1).  Other

8 procedural problems might also exist, but the court makes no statement regarding those.

9 **B.     Ground 3 lacks merit on its face**

10 In ground 3, Silva alleges that retained state post-conviction counsel failed to present all

11 the evidence that he wanted her to present in his state post-conviction habeas corpus petition.

12 However, Silva has no constitutional right to effective assistance of post-conviction counsel.

13 Coleman v. Thompson, 501 U.S. 722, 752 (1991).  Ground 3 lacks merit, and the court dismisses

14 it.

15 **IV.     Conclusion**

16 IT THEREFORE IS ORDERED that the application to proceed in forma pauperis (ECF

17 No. 1) is **DENIED** as moot.

18 IT FURTHER IS ORDERED that the clerk of the court file the petition for a writ of

19 habeas corpus, currently in the docket at ECF No. 1-1.

20 IT FURTHER IS ORDERED that ground 3 of the petition is **DISMISSED** because it

21 lacks merit.

22 IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the

23 State of Nevada, as counsel for respondents.

24 IT FURTHER IS ORDERED that the clerk electronically serve the Attorney General of

25 the State of Nevada a copy of the petition and a copy of this order.

26 IT FURTHER IS ORDERED that respondents shall file a response to the remaining

27 claims in the petition, including potentially by motion to dismiss, within sixty (60) days of entry

28 of this order and that petitioner may file a reply within thirty (30) days of service of an answer.

The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the petition shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED: September 22, 2020.

_____
ROBERT C. JONES
United States District Judge

4