1
2
3
4
5
6
7

8 **UNITED STATES DISTRICT COURT**

9 **DISTRICT OF NEVADA**

10

11 GARY SILVA,                                    Case No. 3:20-cv-00270-RCJ-WGC

12                        Petitioner,              **ORDER**

13           v.

14 RUSSELL, et al.,

15                        Respondents.

16

17 **I.      Introduction**

18          This is a habeas corpus matter under 28 U.S.C. § 2254.  Multiple motions are before the

19 court.  The court grants petitioner Gary Silva's motion for leave to file an amended petition (ECF

20 No. 29).  The granting of that motion makes all previously filed motions—respondents' motion to

21 dismiss (ECF No. 9), Silva's motion for transcripts (ECF No. 20), respondents' motion to strike

22 the amended petition (ECF No. 25), and respondents' motion to strike the opposition to the

23 motion to dismiss (ECF No. 26)—moot.  Finally, the court grants respondents' motion to strike an

24 unauthorized surreply filed by Silva (ECF No. 37).

25 **II.     Procedural Background**

26          **A.      Proceedings in State Courts**

27          On April 11, 2013, Silva was charged in the Henderson Justice Court with one count of

28 aggravated stalking.  Ex. 3 (ECF No. 10-3).  Then, on April 17, 2013, Silva was charged in the

1

1   North Las Vegas Justice Court with another count of aggravated stalking. Ex. 4 (ECF No. 10-4).

2   Silva agreed to plead guilty to one count of aggravated stalking in the state district court. Ex. 20

3   (ECF No. 10-20). On May 7, 2014, the state district court sentenced Silva to prison for a

4   minimum term of 6 years and a maximum term of 15 years, suspended the sentence, and placed

5   Silva on probation for 5 years. Ex. 16 (ECF No. 10-16 at 13).

6       Silva violated the terms of his probation twice. The first time, a probation violation report

7   was filed on September 23, 2015. Ex. 24 (sealed). The state district court reinstated probation

8   but required Silva to spend 90 days in jail. Ex. 26 (ECF No. 10-26).

9       Silva's second violation occurred between February 9, 2017, and March 15, 2017. It

10  resulted in Silva being charged in the Las Vegas Justice Court with misdemeanor stalking; the

11  complaint was filed on May 22, 2017. Ex. 29 (ECF No. 10-29). Silva retained James Leavitt to

12  represent him. The Las Vegas Justice Court held a bench trial on the misdemeanor stalking

13  charge on July 20, 2017, and found Silva guilty. Ex. 39 (ECF No. 10-39). Silva did not appeal.

14      Before that trial, on July 6, 2017, a probation violation report was filed in the state district

15  court in the aggravated stalking case. Ex. 38 (sealed). Silva retained James Leavitt to represent

16  him in these proceedings, too. The state district court held a hearing on July 27, 2017; it revoked

17  Silva's probation and imposed the original prison sentence. Ex. 41 (ECF No. 11-1). The state

18  district court filed an order revoking probation and a second amended judgment of conviction on

19  August 7, 2017. Ex. 42 (ECF No. 11-2). Silva did not appeal.

20      On July 26, 2018, Silva filed a counseled post-conviction habeas corpus petition in the

21  state district court. Ex. 48 (ECF No. 11-8). His sole claim for relief was that Leavitt provided

22  ineffective assistance because Leavitt did not file a notice of appeal even after Silva instructed

23  him to file one. Id. In a hearing on September 13, 2018, the state district court requested the

24  parties to brief the underlying issue whether Silva was constitutionally entitled to counsel at the

25  probation-revocation hearing and thus whether Silva had a right to effective assistance of that

26  counsel. Ex. 53 (ECF No. 11-13). After receiving those briefs, the state district court determined

27  that under Gagnon v. Scarpelli, 411 U.S. 778, 790-91 (1973), Silva did not have a constitutional

28  right to counsel in the probation-revocation proceedings, and thus Leavitt could not have

provided constitutionally ineffective assistance in not filing a notice of appeal.  Ex. 58 (ECF No. 11-18).  Silva appealed, and the Nevada Court of Appeals affirmed.  Ex. 77 (ECF No. 11-37).

### B.      Relevant Proceedings in Federal Court

Silva dispatched his federal habeas corpus petition to this court on May 5, 2020.  ECF No. 5 at 1.  Grounds 1 and 2 contained allegations regarding the lack of appeals in both the conviction for aggravated stalking and the conviction for misdemeanor stalking.  The court concluded that Silva actually was challenging only the conviction for aggravated stalking, and the court stated that respondents would not need to respond to any perceived claim that Silva was deprived of a direct appeal in his misdemeanor stalking case.  ECF No. 4 at 2-3.  The court also dismissed ground 3 of the petition because it was a claim of ineffective assistance of post-conviction counsel, and Silva had no constitutional right to post-conviction counsel.  ECF No. 4 at 3.

Respondents filed a motion to dismiss.  ECF No. 9.  Silva responded first with a motion for transcripts at the state's expense and to subpoena and transcribe phone records, which related to the misdemeanor stalking conviction.  ECF No. 20.  Silva then filed a 101-page combined amended petition, for which he did not seek leave of court to file, and opposition to the motion to dismiss.  ECF No. 23, ECF No. 24.  Respondents responded to that document with a motion to strike the amended petition and a motion to strike the opposition to the motion to dismiss.  ECF No. 25, ECF No. 26.  Silva then filed a motion for leave to file an amended petition, with a much more concise 15-page proposed amended petition attached.  ECF No. 29.  On July 22, 2021, Silva filed a surreply, unauthorized by LR 7-2(b), in support of his oppositions to the motions to strike. ECF No. 36.  Respondents then filed a motion to strike the surreply.  ECF No. 37.

## III.   Discussion

### A.      Motion for Leave to File Amended Petition

Silva clarifies that he never intended to challenge the validity of the misdemeanor stalking conviction, but that he only wanted to demonstrate a pattern of Leavitt failing to file notices of appeal.  ECF No. 29 at 2.  Silva also notes that, in response to respondents' arguments in the motion to dismiss that he did not allege what issues he wanted to raise on appeal, his other factual allegations in ground 1 of the proposed amended petition illustrate what Leavitt knew at the time

and support his claim that Leavitt provided ineffective assistance by not filing a notice of appeal. ECF No. 29 at 23. Furthermore, Silva has titled ground 1 of the proposed amended petition as a violation of his right to effective assistance of appellate counsel or counsel on appeal. ECF No. 29-1 at 3. Based upon Silva's statements, the court concludes that ground 1 of the proposed amended petition is only a claim that counsel provided ineffective assistance by not filing a notice of appeal from the revocation of probation and the second amended judgment of conviction in the aggravated stalking case. Of course, the underlying issue which the parties must address first, and which the state courts addressed, is whether Silva had a constitutional right to counsel, and thus a constitutional right to effective assistance of counsel, in those probation-revocation proceedings. See Scarpelli, 411 U.S. at 790-91. Because Silva's statements and ground 1 of the proposed amended petition clear up the confusion generated by the initial petition, the court grants the motion for leave to file an amended petition.

The proposed amended petition contains five more grounds, numbered 2 through 6. All of them are without merit on their faces, and the court dismisses them under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Grounds 2 through 5 raise claims of error in the state post-conviction habeas corpus proceedings. In ground 2, Silva alleges that the Nevada Court of Appeals erred in affirming the state district court's denial of his post-conviction habeas corpus petition. In ground 3, Silva alleges that the state courts erred in their rulings that Silva did not have a constitutional right to counsel, and thus did not have a constitutional right to effective assistance of counsel, in the probation-revocation proceedings. In ground 4, Silva alleges that the district attorney who prepared the state district court's decision did not appear in the hearings in that court. In ground 5, Silva alleges that the state district court and the Nevada Court of Appeals erred in their application of Scarpelli. All of these are claims of error in the state post-conviction proceedings, and such errors are not addressable in federal habeas corpus. Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989). The court dismisses grounds 2 through 5 because they lack merit.

In ground 6, Silva alleges that the state court's rulings are contrary to, or an unreasonable application of, clearly established federal law. What Silva actually is alleging is the standard of

1  review that this court uses in determining whether to grant relief, under 28 U.S.C. § 2254(d)(1).

2  It is not a claim for relief by itself.  Ground 6 is without merit, and the court dismisses it.

3      To avoid confusion over which amended petition is the operative petition, the court will

4  direct the clerk to file the proposed amended petition as a second amended petition.

5      **B.      Motion to Dismiss**

6      The granting of the motion for leave to file an amended petition has mooted most of

7  respondents' concerns in their motion to dismiss.  Respondents first argued that Silva was

8  challenging his conviction for misdemeanor stalking even though the court had stated that Silva

9  could not challenge both convictions in the same petition.  ECF No. 9 at 6, 8.  Silva now has

10  clarified that he is not making any such challenge.  Second, respondents argued that Silva had not

11  exhausted his claim that counsel was ineffective during the revocation proceedings because

12  counsel did not bring certain issues to light.  ECF No. 9 at 6-7.  Silva now has clarified that these

13  were issues that he wanted counsel to raise on appeal, in support of his claim that counsel

14  deprived him of his appeal.  Third, respondents argued that Silva's claim that Leavitt deprived

15  him of his appeal was conclusory.  ECF No. 9 at 8-9.  Silva's proposed amended petition contains

16  allegations of issues that he wanted Leavitt to raise on appeal.

17      Respondents' fourth argument is that Silva did not have a constitutional right to counsel in

18  his probation-revocation proceedings.  ECF No. 9 at 7-8 (citing Scarpelli, 411 U.S. at 790-91).

19  This is an issue that the Nevada Court of Appeals decided on the merits.  Ex. 77 at 3-4 (ECF No.

20  11-37 at 4-5).  Consequently, this is an issue that this court must decide on the merits after the

21  parties have filed an answer to the petition and a reply.

22      For these reasons, the court denies the motion to dismiss.

23      **C.      Motion for Transcripts at the State's Expense**

24      Silva wants to obtain the transcript of his misdemeanor-stalking trial.  He argues that the

25  state courts did not consider this transcript in their determinations that he did not have a

26  constitutional right to counsel in the probation-revocation proceedings.  Silva also wants to obtain

27  the recording of a phone call, and the transcription of that phone call, between him and a parole

28

and probation officer.  Silva alleges in that phone call that the officer was sympathetic to Silva's situation.

These items were not in the state-court record for Silva's post-conviction habeas corpus petition.  This court's review of the decision of the Nevada Court of Appeals is limited to the record before that court in this case.  <u>Cullen v. Pinholster</u>, 563 U.S. 170 (2011).  Even if the court granted Silva's request, the court could not consider these transcripts in determining whether the state court's determination was contrary to or an unreasonable application of federal law.  28 U.S.C. § 2254(d)(1).  The court denies this motion.

### D.      Motions to Strike

Respondents ask the court to strike the amended petition (ECF No. 23) and the response to the motion to dismiss (ECF No. 24), which are actually the same document, because Silva first did not obtain leave of the court to file an amended petition.  ECF No. 25, ECF No. 26.  These motions are moot because the court is granting Silva's subsequently filed motion for leave to file an amended petition and is filing a superseding amended petition.

Silva filed a surreply in support of his opposition to the above motions to strike.  ECF No. 36.  Silva may not file a surreply without prior leave of the court.  LR 7-2(b).  Respondents move to strike the surreply.  ECF No. 37.  The court grants this motion.

## IV.     Conclusion

IT THEREFORE IS ORDERED that petitioner's motion for leave to file an amended petition (ECF No. 29) is **GRANTED**.  The clerk of the court is directed to file the proposed amended petition, currently in the docket at ECF No. 29-1, as the second amended petition.

IT FURTHER IS ORDERED that respondents will have 60 days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner will have 30 days from the date on which the answer is served to file a reply.

IT FURTHER IS ORDERED that respondents motion to dismiss (ECF No. 9) is **DENIED**.

1    IT FURTHER IS ORDERED that petitioner's motion for transcripts at the state's expense

2    and to subpoena and transcribe phone records (ECF No. 20) is **DENIED**.

3    IT FURTHER IS ORDERED that respondents' motion to strike amended petition (ECF

4    No. 25) is **DENIED** as moot.

5    IT FURTHER IS ORDERED that respondents' motion to strike response (ECF No. 26) is

6    **DENIED** as moot.

7    IT FURTHER IS ORDERED that respondents' motion to strike (ECF No. 37) is

8    **GRANTED**.  The clerk of the court is directed to strike petitioner's rebuttal (ECF No. 36).

9    DATED:  September 29, 2021.

10

11    ROBERT C. JONES
      United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28