**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GARY SILVA, | Case No. 3:20-cv-00270-RCJ-CSD |
| Petitioner, | **ORDER** |
| v. | |
| RUSSELL, et al., | |
| Respondents. | |

**I.     Introduction**

This is a habeas corpus action under 28 U.S.C. § 2254. Currently before the court is the second amended petition of petitioner Gary Silva. ECF No. 39. The court already has dismissed grounds 2 through 6 of the second amended petition. ECF No. 38. The court finds that Silva is not entitled to relief on ground 1, the remaining ground. The court thus denies the petition.

**II.    Background**

For the purposes of this order, the court adopts the following description of the procedural history of this case from the Nevada Court of Appeals:

> Silva was convicted, pursuant to a guilty plea, of aggravated stalking. He was placed on probation but was convicted of misdemeanor stalking of a different victim, and the State moved to revoke his probation. The district court revoked his probation and imposed the underlying prison sentence of 6 to 15 years. Silva had retained counsel to represent him in the revocation proceedings, and he asked counsel to file an appeal. Counsel declined to do so. Silva filed the instant postconviction habeas petition in which his sole claim is that counsel was

1

> ineffective for failing to appeal Silva's probation revocation. In its response, the State agreed an evidentiary hearing was warranted on this claim. At the date set for oral argument, the district court instead asked the parties to brief an issue both sides had neglected: whether Silva was entitled to the effective assistance of counsel in the revocation proceedings. The district court set a briefing schedule and new hearing date. Rather than conduct the hearing or entertain oral argument, the district court issued a minute order denying Silva's petition.

Ex. 77 at 1-2 (ECF No. 11-37 at 2-3).

## III. Legal Standard

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 562 U.S. at 100.  "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

2

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 562 U.S. at 102.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 103.

**IV.     Discussion**

In ground 1, the remaining ground for relief, Silva argues that he received ineffective assistance of counsel in his parole revocation proceedings because counsel did not file a notice of appeal from the revocation of Silva's parole. On this issue, the Nevada Court of Appeals held:

> Silva . . . contends the district court erred by denying his claim that counsel was ineffective for failing to appeal the revocation of Silva's probation. Silva argues that whether he had the right to the effective assistance of counsel was irrelevant to his claim because, since he had counsel, he was necessarily entitled to counsel's effective assistance. However, "[w]here there is no right to counsel there can be no deprivation of effective assistance of counsel." McKague v. Warden, 112 Nev. 159, 164-65, 912 P.2d 255, 258 (1996). Thus where an offender does not have the right to effective assistance of counsel, he cannot be heard to complain that counsel failed to appeal. We therefore conclude the district court did not err by inquiring into whether Silva was entitled to the effective assistance of counsel in his probation revocation proceedings.
>
> Silva does not dispute the district court's finding that he did not have a statutory right to the effective assistance of counsel in his revocation proceedings. Accordingly, the issue is whether Silva had a constitutional right to the effective assistance of counsel. There is no absolute right to counsel at a probation revocation hearing. Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973). The need for counsel at a probation revocation proceeding is made on a case-by-case basis. Id.; see also Fairchild v. Warden, 89 Nev. 524, 525, 516 P.2d 106, 107 (1973) (adopting the approach set forth in Gagnon).
>
> Counsel is constitutionally required if the probationer makes a colorable claim (1) that he did not commit the alleged violations or (2) that there are justifying or mitigating circumstances which make revocation inappropriate and these

    circumstances are difficult or complex to develop or present. Gagnon, 411 U.S. at 790. Silva stipulated that he violated his probation. In mitigation, he explained the context surrounding his new misdemeanor conviction that resulted in the probation violation. Silva did not demonstrate there were any mitigating circumstances in this matter that were difficult or complex to develop or present. He thus failed to demonstrate he had the right to counsel for the probation revocation proceedings. And because Silva failed to demonstrate he had the right to counsel for those proceedings, he could not demonstrate he was entitled to relief due to the ineffective assistance of counsel. See McKague, 112 Nev. at 164-65, 912 P.2d at 258. We therefore conclude the district court did not err by denying Silva's petition.

    Because we conclude Silva's sole claim in his petition lacked merit, we do not reach Silva's remaining arguments that a) he was entitled to appeal from the order for revocation of probation and second amended judgment of conviction and b) probation revocation counsel was obligated to file a notice of appeal. Accordingly, we

    ORDER the judgment of the district court AFFIRMED.

Ex. 77 at 2-4 (ECF No. 11-37 at 3-5).

    As in the state courts, this court must first determine whether Silva had a constitutional right to counsel in the parole revocation hearing before the court can address whether counsel provided ineffective assistance in not filing a notice of appeal. If Silva had no constitutional right to appointed counsel, then he had no constitutional right to effective assistance of counsel, and then counsel's failure to file a notice of appeal would not have been constitutionally ineffective. See Coleman v. Thompson, 501 U.S. 722, 752 (1991) (citing Pennsylvania v. Finley, 481 U.S. 551 (1987)).

    The Nevada Supreme Court correctly identified that under Gagnon Silva had no unqualified constitutional right to appointment of counsel in the probation revocation proceedings. The Nevada Supreme Court also correctly identified the two circumstances under which counsel is constitutionally required.

    Silva could not meet the first circumstance, that he did not commit the alleged violation. He was convicted in a bench trial in state justice court of misdemeanor stalking, which was the charged violation of his probation. Ex. 28 (ECF No. 10-28 at 8-10) (minutes of justice court). Silva stipulated to this violation of his probation conditions. He alleges that he did not want to stipulate, but his retained counsel told him that the only proof the prosecution needed was a copy

4

of the justice court's judgment of conviction. ECF No. 39 at 3-4. Additionally, in the probation revocation hearing the judge canvassed Silva and determined that Silva was freely and voluntarily stipulating to the violation. Ex. 41 at 2-3 (ECF No. 11-1 at 3-4).

Silva presented mitigating factors at the parole revocation hearing, but they were not complex or difficult to present. Silva himself said that he worked hard and had increased his income in the previous year, that he recently bought his first house, and that he was the sole support for his mother. Counsel told the court that Silva had family and friends to support him and that the probation officer had recommended honorable discharge because Silva had completed every requirement that the court had imposed. Counsel went into the details of the misdemeanor stalking case. The victim had recently ended a two-year relationship with Silva. Silva then sent text messages, left voicemails, and posted photographs on social media. The recorded messages asked the victim to call Silva because he had not heard from her. At the bench trial, the justice of the peace determined that Silva had not terrorized or frightened the victim, but that Silva had intimidated or harassed the victim, which was sufficient for a finding of guilt for misdemeanor stalking. Ex. 41 at 5-9 (ECF No. 11-1 at 6-10). The Nevada Court of Appeals reasonably concluded that these were mitigating factors that were not too complex or too difficult to present. The Nevada Court of Appeals thus reasonably concluded that Silva did not have a constitutional right to counsel at his revocation hearing. Because Silva did not have a right to counsel, he did not have a right to effective assistance of counsel, and thus counsel's refusal to file a notice of appeal was not ineffective assistance. Ground 1 is without merit.

The petition and the reply contain arguments about irregularities in the misdemeanor stalking trial. Silva has noted that he is not challenging the validity of that conviction, and that this information is only to show a pattern of counsel not filing appeals. ECF No. 29 at 2. This information is not relevant to the court's decision because the court has determined that Silva had no constitutional right to counsel in his probation revocation proceedings, and thus the failure to file an appeal was not constitutionally ineffective assistance.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

1    Silva's reply to the answer also contains a request for an evidentiary hearing. ECF No. 41.
2    Respondents have filed an opposition to that request, ECF No. 42, and Silva has filed a reply to
3    the opposition, ECF No. 43. The request itself has not been docketed as a motion. However, the
4    court finds that an evidentiary hearing is not necessary for its decision on the merits, and the court
5    denies the request.

6    IT THEREFORE IS ORDERED that the second amended petition for a writ of habeas
7    corpus (ECF No. 39) is **DENIED**. The clerk of the court is directed to enter judgment
8    accordingly and to close this action.

9    IT FURTHER IS ORDERED that a certificate of appealability will not
10   issue. DATED: March 29, 2022.

_____
ROBERT C. JONES
United States District Judge